# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-00889-SVW-AGR | JS-6 | Date | April 10, 2019 |
|---|---|---|---|---|
| Title | *Waldo Arzaga v. MemorialCare Medical Group et al.* | | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER REMANDING THE CASE TO STATE COURT FOR LACK OF ARTICLE III STANDING

    On March 18, 2019, the Court held a new case status conference, during which the parties raised a dispute over whether Plaintiff can maintain Article III standing for his class-action claims of procedural violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681b(b)(2)(A), 1681d(a)(1), 1681g(c) (the "FCRA"), the Investigative Consumer Reporting Agencies Act, Cal. Civ. Code §§ 1786 *et seq.*, and the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 *et seq. See* Dkt. 15; *see also* Dkt. 13 (Plaintiff's First Amended Complaint). The parties subsequently submitted briefs to address the standing issue. *See* Dkts. 16-17. Based on the arguments presented by the parties, the Court holds that Plaintiff has not alleged an Article III injury sufficient to confer federal jurisdiction over this action.

    The Ninth Circuit squarely addressed this issue in *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017). There, the Ninth Circuit held that the plaintiff bringing a claim under the FCRA alleged more than a "bare procedural violation," which would be insufficient to support an Article III injury. *See id.* at 499 (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016)). The plaintiff's claim under 15 U.S.C. § 1681b(b)(2)(A)(i) pertained to a disclosure requirement which "creates a right to information by requiring prospective employers to inform job applicants that they intend to procure their consumer reports as part of the employment application process." *Id.* The court elaborated that the "authorization requirement" under Section 1681b(b)(2)(A)(ii) "creates a right to privacy by enabling applicants to withhold permission to obtain the report from the prospective employer, and a concrete injury when applicants are deprived of their ability to meaningfully authorize the credit check." *Id.* Accordingly, the

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00889-SVW-AGR | Date | April 10, 2019 |
|---|---|---|---|
| Title | *Waldo Arzaga v. MemorialCare Medical Group et al.* | | |

court held that the plaintiff's allegation that he discovered the defendant's violations of the FCRA when reviewing his personnel file was

> sufficient to infer that [plaintiff] was deprived of the right to information and the right to privacy guaranteed by [Section 1681b(b)(2)(A)] because it indicates that [plaintiff] was not aware that he was signing a waiver authorizing the credit check when he signed it. Drawing all reasonable inferences in favor of the nonmoving party, we can fairly infer that [plaintiff] was confused by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure, as required in the statute. Therefore, [plaintiff] did allege a concrete injury and has Article III standing to bring this lawsuit.

*Id.* at 499-500 (citing *Thomas v. FTS USA, LLC*, 193 F. Supp. 3d 623, 628-38 (E.D. Va. 2016)).

      Here, Plaintiff alleges that "Plaintiff and class members have been injured, including but not limited to, having their privacy and statutory rights invaded in violation of the FCRA." Dkt. 13 ¶ 45; *see also id.* ¶ 74, 86 (same for state law claims). Although Plaintiff alleges a "privacy" injury as contemplated by Section 1681b(b)(2)(A), Plaintiff has not provided any factual allegations pertaining to "discovering" Defendant's violations of the FCRA at a later date. Under *Syed*, an allegation of some kind of discovery of the violation, or other confusion or lack of awareness regarding the forms being signed, would be necessary to allow the Court to infer, in a manner most favorable to Plaintiff at this stage of the proceedings, that Plaintiff "was not aware that he was signing a waiver authorizing the credit check when he signed it," or that Plaintiff "was confused by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure." *Syed*, 853 F.3d at 499. Neither has Plaintiff directly alleged confusion or that Plaintiff would not have signed the disclosure form had it complied with the FCRA. Therefore, Plaintiff's allegations in the First Amended Complaint, despite a barebones reference to a "privacy" invasion, are insufficient to establish Article III standing, and Plaintiff's case is merely one to vindicate procedural violations of applicable credit reporting laws. *See, e.g.*, *Bercut v. Michaels Stores Inc.*, No. 17-cv-01830-PJH, 2017 WL 2807515, at *5 (N.D. Cal. June 29, 2017) (finding no Article III standing where "no [] allegations of actual harm [due to confusion] are made in this case, and unlike in [*Syed*], there is no basis to infer actual harm from the complaint's allegations"); *Williams v. Nichols Demos, Inc.*, No. 5:17-cv-07101-EJD, 2018 WL 3046507, at *5 (N.D. Cal. June 20, 2018) (finding the plaintiff's FCRA claim deficient to establish Article III standing under *Syed* and *Spokeo* because the plaintiff's allegations that the

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00889-SVW-AGR | Date | April 10, 2019 |
|---|---|---|---|
| Title | *Waldo Arzaga v. MemorialCare Medical Group et al.* | | |

defendant's disclosure form merely "contained extraneous and superfluous language" lacked any allegations of confusion or lack of awareness regarding the documents the plaintiff signed).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). In the absence of a concrete injury, Defendant has not met its heavy burden on removal to show that Plaintiff has Article III standing to pursue his claims in federal court. *See, e.g.*, *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (the defendant seeking removal "bears the burden of overcoming the strong presumption against removal jurisdiction") (internal quotation marks and citation omitted); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (courts "strictly construe the removal statute against removal jurisdiction" and reject removal "if there is any doubt as to the right of removal in the first instance"). Therefore, the Court lacks subject matter jurisdiction, and the Court remands Plaintiff's case to state court, where "the constraints of Article III do not apply." *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989).

For the reasons set forth above, Plaintiff's case is REMANDED to state court for lack of Article III standing.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | PMC |